NEDDO v. SANDERSPREE et al.

(Supreme Court, Appellate Division, Third Department.    November 16, 1910.)

DAMAGES (§ 188*)—PERSONAL PROPERTY—EVIDENCE.

In an action for failure to deliver to plaintiff in good repair a boat belonging to plaintiff, which defendants had been using, plaintiff alleged that the boat was in his possession, and that he had recovered it in a damaged condition, and defendants' contention was that the boat was delivered to plaintiff in good condition. Plaintiff testified that in good repair the boat was worth from $400 to $500, and that it would cost from $250 to $300 to put it in proper repair, and that was the utmost damage claimed. The court charged that the jury might find damages for plaintiff based upon the difference between the value of the boat in good order and its value when delivered to or recovered by plaintiff. The jury found for plaintiff $400, and that "defendants have the" boat, but the court entered judgment for $400. Held, that the verdict for $400 was not sustained by the evidence.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 511; Dec. Dig. § 188.*]

Appeal from Trial Term, Washington County.

Action by George Neddo against Charles Sanderspree and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

O. A. Dennis, for appellants.
William Sears, for respondent.

HOUGHTON, J. A boat known as a "lighter," being used by the defendant Sanderspree and belonging to the plaintiff, had sunk, and the defendants gave the plaintiff a bond in the sum of $400, conditioned to raise and restore it to the plaintiff in good repair on or before a certain date. The plaintiff in his complaint set forth the bond, and alleged that the boat was not restored to him on the date mentioned in good condition, but, on the contrary, was left in Lake Champlain to be recovered by the plaintiff, and that he did recover the same in a damaged condition, and greatly depreciated in value, all to his damage of $400.

The plaintiff's cause of action as alleged in his complaint is clearly not on the bond, nor to recover the value of the boat, but for damages in failure to deliver in good repair. The learned trial court submitted the case to the jury on this theory, and instructed them that they might find damages for the plaintiff based upon the difference between the value of the boat in good order and condition and its value in the condition it was when delivered to or recovered by the plaintiff. Some evidence was permitted on the trial that the boat was never delivered to the plaintiff at all, but the plaintiff did not ask to amend his complaint, which alleged specifically that the boat was in his possession, and that he had recovered it in a damaged condition. The defendants' contention was that the boat was delivered to the plaintiff in good

condition and in good repair at about the time provided by the bond. The plaintiff testified that in good repair the boat was worth $400 to $500, and that it would cost $250 to $300 to put it in proper repair. This was the utmost any witness claimed the damage to be. The verdict as first rendered by the jury was as follows: "We find for the plaintiff $400, and that the defendants have the lighter." The court remarked: "Your verdict then is for the plaintiff $400," to which the foreman of the jury assented, and judgment was entered for that amount.

In view of the statement in plaintiff's complaint that he had the boat in his possession at the time of the commencement of the action, and his proof as to the cost of repair, and the charge of the court, it is quite manifest that the jury did not intend to give the plaintiff $400 damages to the boat which the plaintiff still owned and had in his possession. Of course, the jury by their verdict could not transfer title to the boat from the plaintiff to the defendants as they attempted to do. Their assent to the rendering of a verdict for $400 was apparently under a misapprehension, and was not sustained by the evidence.

We are of the opinion that there was such a mistrial that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.